No. 25-1320

In The United States Court of Appeals
for the Second Circuit

OLD SLIP BENEFITS & INSURANCE SERVICES, LLC,

*Appellant-Plaintiff*,

*v.*

ALLSTATE INSURANCE COMPANY,

*Appellee-Defendant.*

On Appeal from the United States District Court for the Southern
District of New York, No. No. 25-CV-1110 (JGLC)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY
MOTION TO STAY PENDING APPEAL**

A. Christopher Young
TROUTMAN PEPPER LOCKE LLP
3000 Two Logan Square
Philadelphia, PA 19103
215.981.4190
*christopher.young@troutman.com*

*Counsel for Allstate Insurance Company*

Dated: May 28, 2025

## Rule 26.1 Corporate Disclosure Statement

Allstate Insurance Company is an Illinois corporation. Allstate Insurance Company is a wholly-owned subsidiary of Allstate Insurance Holdings, LLC, which is a Delaware limited liability company. Allstate Insurance Holdings, LLC, is a wholly-owned subsidiary of The Allstate Corporation, which is a Delaware corporation. The stock of The Allstate Corporation is publicly traded. No publicly held entity owns 10% or more of the stock of The Allstate Corporation.

# Table of Contents

Rule 26.1 Corporate Disclosure Statement ............................................... 1

Introduction ...................................................................................... 1

Statement of the Case ......................................................................... 2

Standard of Review ............................................................................. 7

Argument ......................................................................................... 8

I.    The Court Should Deny Plaintiff's Emergency Motion to
Stay Pending Appeal. ....................................................................... 8

    A.    Plaintiff is unlikely to succeed on appeal and has
not shown any serious question going to the
merits........................................................................ 8

        1. The District Court's Order confirming the expiration of the
state court TRO is not appealable.............................. 9

        2. Plaintiff's failure to seek an extension of the TRO from the
District Court caused the TRO's automatic expiration under
Rule 65(b)................................................................ 13

    B.    Plaintiff will not suffer irreparable harm absent a
stay. ........................................................................ 18

    C.    A stay will injure Allstate and be contrary to the
public interest. ......................................................... 22

Conclusion ...................................................................................... 23

Certifications .................................................................................. 25

# Table of Authorities

**Page(s)**

## Cases

*Carrabus v. Schneider,*
 111 F.Supp.2d 204 (E.D.N.Y. 2000) ............................................ 14, 18

*Cedar Coal Co. v. United Mine Workers of Am.,*
 560 F.2d 1153 (4th Cir. 1977) ................................................. 9

*Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.,*
 598 F.3d 30 (2d Cir. 2010) ................................................ 8

*In re Crim. Contempt Proc. Against Crawford,*
 133 F. Supp. 2d 249 (W.D.N.Y. 2001)............................................ 12

*Freedom Holdings, Inc. v. Spitzer,*
 408 F.3d 112 (2d Cir.2005) ................................................ 22

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.,*
 415 U.S. 423 (1974)......................................... 11, 16, 17, 18

*In Touch Concepts, Inc. v. Cellco P'ship,*
 949 F. Supp. 2d 447 (S.D.N.Y. 2013).............................................. 23

*Jack Kahn Music Co. v. Baldwin Piano & Organ Co.,*
 604 F.2d 755 (2d Cir. 1979) ............................................... 20

*John W. Williams, Inc. v. United Food & Com. Workers Loc. 342,*
 No. 10 CIV.6708 RJS, 2011 WL 2207577 (S.D.N.Y. May 25, 2011)........................................................ 14

*Loveridge v. Pendleton Woolen Mills, Inc.,*
 788 F.2d 914 (2d Cir. 1986) ................................................ 21

*Mohammed v. Reno,*
 309 F.3d 95 (2d Cir. 2002) ................................................ 8

*Nken v. Holder*,
556 U.S. 418 (2009) ........................................................................ 7, 8

*NutriQuest, LLC v. AmeriAsia Imports LLC*,
No. 018CV00390NEBKMM, 2018 WL 7575207 (D. Minn.
Oct. 17, 2018) ............................................................................. 12, 17

*Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*,
85 Misc. 3d 1256(A), (N.Y. Sup. Ct. 2025)........5, 10, 16, 18, 19, 20, 22

*Old Slip Benefits & Insurance Services, LLC v. Allstate
Insurance Company*,
No. 25-CV-1110, 2025 WL 1453811 (S.D.N.Y. May 21,
2025) ....................................................................................... 7, 10, 18

*Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n,
PAA Chapter, AFL-CIO*,
306 F.2d 840 (2d Cir. 1962) ...................................................... 9, 12, 13

*PDL Vitari Corp. v. Olympus Industries, Inc.*,
718 F. Supp. 197 (S.D.N.Y. 1989) ...................................................... 21

*Polymer Tech. Corp. v. Mimran*,
37 F.3d 74 (2d Cir.1994) ................................................................... 22

*Romer v. Green Point Sav. Bank*,
27 F.3d 12 (2d Cir. 1994) .................................................................... 9

*Rural Media Gr., Inc. v. Performance One Media, LLC*,
No. 8:09-cv-447, 2010 WL 273979 (D. Neb. Jan. 13, 2010) ............... 17

*Sampson v. Murray*,
415 U.S. 61, 94 S. Ct. 937, 39 L. Ed. 2d 166 (1974) .......................... 13

*Sistellia LLC v. Sittelle Techs., Inc.*,
No. CV061889ADSETB, 2006 WL 8435935 (E.D.N.Y. Aug.
30, 2006) .................................................................................... 20, 21

*Transcience Corp. v. Big Time Toys, LLC*,
50 F. Supp. 3d 441 (S.D.N.Y. 2014) .................................................. 22

*Truglia v. KFC Corp.*,
  692 F. Supp. 271 (S.D.N.Y. 1988), *aff'd sub nom. Truglia v. KFC*, 875 F.2d 308 (2d Cir. 1989) ................................................... 20

*Uniformed Fire Officers Ass'n v. De Blasio*,
  973 F.3d 41 (2d Cir. 2020) ............................................. 8, 14

*Western Convenience Stores, Inc. v. Burger King, Corp.*,
  No. 8:07-cv-270, 2007 WL 2682245 (D. Neb. Sept. 7, 2007) ............. 17

## Federal Statutes

28 U.S.C. § 1292(a) ............................................................ 1, 10

## Rules

Fed. R. App. P. 8(a)(2)(A)(ii) ...................................................... 7

Fed. R. Civ. P. 65(b) ......................... 1, 6, 10, 12, 13, 14, 15, 16, 17, 18, 23

## Introduction

In its May 21, 2025 Order ("Order"), the District Court correctly found the state court's Temporary Restraining Order ("TRO") expired on February 21, 2025, by operation of the time limitations of Federal Rule of Civil Procedure 65(b). The District Court also correctly found Plaintiff was not entitled to a stay of the Order pending appeal, though the Court temporarily stayed its Order for two weeks (until June 5, 2025) to allow Plaintiff to seek an emergency stay in this Court.

Plaintiff now implores this Court to grant it a stay and revive the long-expired TRO by mischaracterizing the law interpreting Rule 65(b) and the state court's order extending the TRO. The Court should reject this invitation because Plaintiff fails to meet the elements required for such an extraordinary remedy.

First, Plaintiff is unlikely to succeed on this appeal. The District Court's Order recognizing that the TRO expired is not an appealable order dissolving an injunction under 28 U.S.C. § 1292(a), and therefore this Court lacks appellate jurisdiction. If the Court reaches the merits, it will likely affirm the District Court's conclusion that Plaintiff's failure to request continuation of the state court's TRO caused the TRO to expire under Rule 65(b).

1

Second, Plaintiff cannot demonstrate irreparable harm absent a stay, as the state court already found that Allstate lawfully terminated the parties' agreement. Even if Plaintiff could suffer irreparable harm, it had no goodwill to lose as a matter of law given that it had only been in business for three month s before Allstate's termination notice.

Third, though Plaintiff neglects to address the remaining factors necessary for a stay pending appeal, granting a stay would harm Allstate and contradict the public interest by prolonging uncertainty regarding Allstate's rights and depriving a contracting party of the benefit of its contractual bargain, which here included the ability to terminate without cause.

Because Plaintiff has not carried its burden to show that a stay pending appeal is warranted, the Court should deny Plaintiff's Emergency Motion.

## Statement of the Case

On February 21, 2024, Allstate Insurance Company ("Allstate") and Plaintiff entered into an Exclusive Agency Agreement appointing Plaintiff as Allstate's "exclusive agent" effective March 1, 2024

("Agreement"). ECF No. 48 at 2.[1] The Agreement had a provision allowing either party to terminate the relationship "with or without cause" with 90 days' written notice. *Id.* (citing Agreement § XVII.B.2). Allstate terminated the Agreement in strict compliance with these terms: it sent a termination notice to Mr. Lukezic on June 25, 2024, informing him of its intent to terminate the Agreement in 90 days ("Notice"). ECF No. 15-6; ECF No. 48 at 3. While not required to justify its decision to terminate, Allstate's Notice stated: "Allstate is taking this action for reasons that include maintaining an outside business interest which creates a conflict of interest and unauthorized brokering." ECF No. 15-6.

On September 12, 2024, approximately two weeks before the effective date of termination, Plaintiff filed its initial complaint against Allstate in the New York Supreme Court, Westchester County ("Complaint"). ECF No. 48 at 3 (citing ECF No. 14-1). The Complaint challenged Allstate's termination, alleging it breached the Agreement and the implied covenant of good faith and fair dealing. ECF No. 14-1 ¶¶

---

[1] Unless otherwise noted, all citations to "ECF No. __" refer to the entries on the District Court docket, case number 25-CV-1110.

41-45.  It claimed that Allstate maliciously elected to terminate the Agreement "for cause on the ground that [Plaintiff] had engaged in 'unauthorized brokering'" which was "outrageously false and constituted a breach of the agreements."  *Id.* ¶¶ 44-45, 51-52.  Plaintiff also sought a TRO and a preliminary injunction to halt Allstate's termination.  ECF No. 15-2.  The Complaint separately alleged a claim for violation of the New York Franchise Sales Act ("NYFSA") against Allstate.  ECF No. 14-1 ¶¶ 55-58.  Additionally, it asserted claims against several Allstate employees, including (1) tortious interference with contract against Regine Marie Napoleon and Allison Ann McMahon, and (2) violation of the New York Franchise Sales Act against Regine Marie Napoleon, Brittany Cleere, Allison Ann McMahon, and Marc Stevenson ("Individual Defendants").  *Id.* ¶¶ 58-64.

The state court granted Plaintiff's request for a TRO on September 19, 2024, preventing Allstate from carrying out the termination of the Agreement pending a determination of Plaintiff's underlying motion for preliminary injunctive relief.  ECF No. 15-9.

Plaintiff subsequently amended the Complaint on October 15, 2024, to add claims against Allstate for unconscionability, reformation, and equitable estoppel.  ECF No. 14-2 ¶¶ 67-79.

Marc Stevenson moved to dismiss the Amended Complaint on November 4, 2024, for lack of personal jurisdiction. ECF No. 1-1 at 285-302. The remaining Individual Defendants and Allstate moved to dismiss the Amended Complaint on November 12, 2024, for failure to state a cause of action. ECF No. 1-1 at 304-329.

On January 23, 2025, the state court issued a Decision and Order dismissing all claims against the Individual Defendants and all claims against Allstate except for breach of the implied covenant of good faith and fair dealing and violation of the NYFSA.[2] ECF No. 1-1 at 670-699.[3]

In its order, the state court made clear that Allstate's termination complied with the Agreement's plain terms, as its Termination Letter unambiguously cited Section XVII(B)(2) of the Contract and provided 90 days' written notice of termination. *Id.* at 678-79. Additionally, "without opining as to whether plaintiff may ultimately succeed on the merits of its" claim, the court declined to dismiss the implied covenant claim, reasoning that it is premised on a separate legal theory that Allstate used

---

[2] Allstate did not move to dismiss Plaintiff's NYFSA claim against it.

[3] The state court's decision is also available at the following citation: *Old Slip Benefits & Ins. Servs., LLC v. Allstate Ins. Co.*, 85 Misc. 3d 1256(A), at *2-9 (N.Y. Sup. Ct. 2025).

a contractual right in bad faith to deprive Plaintiff of the benefit of its bargain, causing Plaintiff substantial monetary harm. *Id.* at 682.

The state court did not reach a decision on Plaintiff's preliminary injunction motion but noted that the TRO "shall remain in full force and effect pending a determination on the merits of plaintiff's underlying motion." *Id.* at 698.

Once the state court dismissed Plaintiff's claims against the Individual Defendants, there was complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Accordingly, on February 7, 2025, Allstate removed the case to the Southern District of New York pursuant to 28 U.S.C. § 1332. ECF No. 1-1.

After removal, Plaintiff did not move to extend the state court TRO. Without the extension, the TRO expired 14 days after removal—on February 21, 2025. Accordingly, on March 14, 2025, Allstate moved for an order declaring that the state court TRO expired on February 21, 2025 by operation of Rule 65(b), or alternatively, for an order dissolving the TRO because there was no good cause for an extension. ECF No. 13. Plaintiff opposed Allstate's motion and alternatively requested that, if

the Court agreed with Allstate that the TRO had expired, it stay its order pending appeal.  ECF Nos. 21 and 22.

The District Court granted Allstate's request on May 21, 2025, finding "Plaintiff failed to request an extension of the TRO before it expired and likewise failed to timely seek a hearing in this Court on its preliminary injunction motion."  ECF No. 48 at 5.[4]  The Court declined Plaintiff's request to stay the Order pending appeal, but it stayed the effect of its decision for two weeks to allow Plaintiff to seek a stay from this Court.  *Id.* at 4-5.

Plaintiff filed an Emergency Motion to Stay pending appeal on May 23, 2025.  Allstate opposes this Motion because Plaintiff cannot justify such an extraordinary remedy.

## Standard of Review

Requests for a stay pending appeal are assessed under the familiar four-factor test for preliminary injunctive relief. Fed. R. App. P. 8(a)(2)(A)(ii); *Nken v. Holder*, 556 U.S. 418, 434 (2009).  The Court must weigh: (1) the movant's likelihood of success on the merits; (2) whether

---

[4] The District Court's decision is also available at the following citation: *Old Slip Benefits & Insurance Services, LLC v. Allstate Insurance Company*, No. 25-CV-1110 (JGLC), 2025 WL 1453811, at *3 (S.D.N.Y. May 21, 2025).

7

the movant faces irreparable harm absent a stay; (3) whether the non-movant will suffer substantial injury if a stay is granted; and (4) where the public interest lies. *Uniformed Fire Officers Ass'n v. De Blasio,* 973 F.3d 41, 48 (2d Cir. 2020). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (citing *Nken*, 556 U.S. at 433-33). Where, as here, the movant is "totally lacking" a strong showing of likelihood of success, "the aggregate assessment of the factors bearing on issuance of a stay pending appeal cannot possibly support a stay." *Id.*

## Argument

I.  **The Court Should Deny Plaintiff's Emergency Motion to Stay Pending Appeal.**

A.  **Plaintiff is unlikely to succeed on appeal and has not shown any serious question going to the merits.**

The first and most important stay factor is whether Plaintiff has shown a "likelihood of success on the merits." *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). To satisfy this factor, Plaintiff must demonstrate either (1) a "substantial possibility" of success on appeal or (2) a sufficiently serious question going to the merits and a balance of hardships tipping decidedly in its favor. *Nken*, 556 U.S. at 434; *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.,* 598

8

F.3d 30, 35 (2d Cir. 2010). Plaintiff fails to meet either standard because: (1) an order merely confirming the expiration of a TRO is not an appealable order, and (2) the District Court's determination that the TRO expired was correct.

### 1. The District Court's Order confirming the expiration of the state court TRO is not appealable.

The District Court's Order is not appealable. Appeals generally lie only from district courts' final judgments or interlocutory orders that grant or deny injunctions. *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 15 (2d Cir. 1994). Because a TRO is neither, it is ordinarily not appealable. *Id.* If, however, the TRO is deemed a preliminary injunction, its grant or denial may be subject to review. *See Pan Am. World Airways, Inc. v. Flight Engineers' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 843 (2d Cir. 1962). In no circumstance, however, does the order confirming the "mere expiration of the TRO" give Plaintiff grounds for appeal. *See Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1162 (4th Cir. 1977) (citing 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2962 (3d ed.)); *see also Pan Am. World Airways, Inc.,* 306 F.2d at 843 n.4 (explaining that an expired TRO would not be subject to appellate review, unless it becomes

9

an appealable preliminary injunction under 28 U.S.C. § 1292(a)(1)
(citing *Benitez v. Anciani*, 127 F.2d 121, 125 (1st Cir. 1942) and *Southard
& Co. v. Salinger*, 117 F.2d 194, 196 (7th Cir. 1941)).

The District Court's Order here cannot be appealed because it did
not deny or dissolve any injunction. Instead, it merely confirmed that
the state court TRO expired on February 21, 2025, by virtue of Rule
65(b)'s time limitations because Plaintiff failed to seek an extension. *Old
Slip Benefits & Ins. Servs.*, 2025 WL 1453811, at *3, ECF No. 48 at 5.
Because the TRO expired three months before the District Court's Order
even issued, there was nothing left to dissolve. Thus, Plaintiff's appeal
seeking to reinstate a long-expired TRO is moot.

Plaintiff attempts to escape this conclusion by claiming the state
court's order extending the TRO converted the TRO into a preliminary
injunction, dissolution of which is subject to appeal. Pl.'s Emergency
Mot. at 8. Plaintiff is wrong.

The state court order expressly refused to grant Plaintiff a
preliminary injunction. *Old Slip Benefits & Ins. Servs.,* 85 Misc. 3d
1256(A), at *9; *see also Old Slip Benefits & Ins. Servs., LLC*, 2025 WL
1453811, at *3, ECF No. 1-1 at 698 ("Justice Jamieson expressly declined
to grant Plaintiff a preliminary injunction."). This is reinforced by the

10

state court's complete omission of any discussion on the elements required for a preliminary injunction under the applicable procedural rule. Rather than make ***any*** substantive decisions on Plaintiff's preliminary injunction motion, the state court merely deferred its ruling pending further discovery and extended the TRO accordingly. To suggest that this constitutes the granting of a preliminary injunction defies logic.

This suggestion is also unsupported by the law. Plaintiff has not identified a single case in which a federal court held that a state court's extension converted a TRO into a preliminary injunction of unlimited duration. This omission is not surprising because such a holding would contravene the Supreme Court's ruling in *Granny Goose*. There, the Court held when a court "decides to grant the preliminary injunction, the appropriate procedure is ***not*** simply to continue in effect the temporary restraining order, but rather to issue a preliminary injunction, accompanied by the necessary findings of fact and conclusions of law." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*,415 U.S. 423, 443 (1974) (emphasis added). If the court "has not done so, a party against whom a temporary restraining order has issued may reasonably assume that the order has expired" within Rule 65(b)'s time limits. *Id*; *see also NutriQuest, LLC v. AmeriAsia*

11

*Imports LLC*, No. 018CV00390NEBKMM, 2018 WL 7575207, at *4 (D. Minn. Oct. 17, 2018) (rejecting the argument that state court's order amending the TRO "somehow converted that TRO into a preliminary injunction" explaining that state court "made no new written findings of fact or conclusion of law—such as whether [plaintiff] had met its burden to show a likelihood of success on the merits" but "merely extended the duration of the TRO" and "slightly modified its scope until a decision could be reached on whether a preliminary injunction was warranted").

Plaintiff's cited cases are not to the contrary. *In re Crim. Contempt Proc. Against Crawford* did not even involve removal but an instance where a ***district*** court issued a TRO to remain in effect until the preliminary injunction motion was resolved because it could not complete the hearing within Rule 65's time limit. 133 F. Supp. 2d 249, 255–56 (W.D.N.Y. 2001). The district court never held that its extension transformed the TRO into an enforceable preliminary injunction; it merely found that when a district court extends a TRO beyond Rule 65(b)'s time limitations, the party subject to the restrain can appeal the extended TRO as if it were a preliminary injunction. *Id.* at 261. Similarly, in *Pan Am. World Airways, Inc.*, this Court recognized that a party restrained by a TRO extended by the ***district court*** beyond Rule

65(b)'s time limit could immediately appeal the extension because the time limit is the "most important of [Rule 65's] protective provisions." 306 F.2d at 843 ("To deny review of an order that has all the potential danger of a preliminary injunction in terms of duration, because it is issued without a preliminary adjudication of the basic rights involved, would completely defeat the purpose of this provision."); *see also Sampson v. Murray,* 415 U.S. 61, 87, 94 S. Ct. 937, 951, 39 L. Ed. 2d 166 (1974) (same reasoning). Allowing a party restrained by an indefinitely-extended TRO to appeal such an improper extension is fundamentally different from permitting movants like Plaintiff to exploit extensions beyond Rule 65(b)'s limits to indefinitely evade proper adjudication— "i.e., the issuance or denial of a preliminary injunction." *Pan Am. World Airways, Inc.*, 306 F.2d at 842.

Because the state court TRO cannot be deemed a preliminary injunction, the District Court's Order confirming the TRO expired is not subject to appellate review.

### 2. Plaintiff's failure to seek an extension of the TRO from the District Court caused the TRO's automatic expiration under Rule 65(b).

Plaintiff cannot succeed on appeal because the District Court correctly determined that the state court TRO expired under Rule 65(b)'s

time limitations. Temporary restraining orders entered prior to removal expire at the earlier of 14 days from the date of removal or the date set by the state court, unless a party moves for an extension for a "good cause." *See Uniformed Fire Officers Ass'n*, 973 F.3d at 47. As this Court has explained, a TRO issued by a state court prior to removal remains in force no longer than it would under state law, "but in ***no event*** does the order remain in force longer than the time limitations imposed by Rule 65(b) measured from the date of removal." *Id.* (citing *Granny Goose Foods, Inc.*, 415 U.S. at 439) (emphasis added). That is true regardless of whether the "TRO [was] issued on notice, and in anticipation of a preliminary injunction hearing," or whether it was entered *ex parte*. *See Carrabus v. Schneider*, 111 F.Supp.2d 204, 210 (E.D.N.Y. 2000); *John W. Williams, Inc. v. United Food & Com. Workers Loc. 342*, No. 10 CIV.6708 RJS, 2011 WL 2207577, at *1 (S.D.N.Y. May 25, 2011) ("The stay imposed by the state court is hereby lifted, no hearing having been held and the time limitations under Federal Rule of Civil Procedure 65(b) having run.").

Allstate removed this case on February 7, 2025. Following removal, Plaintiff made no attempt to extend the TRO past its expiration date. The District Court thus correctly concluded that the state court TRO,

which enjoined Allstate from terminating the Agreement, expired no later than February 21, 2025—14 days post-removal.

The Court also rightfully rejected the argument Plaintiff rehashes here—that its inaction is excused because the state court already extended the TRO for "good cause" and its extension is "as if the District Court had made the finding of good cause" under 28 U.S.C. § 1450. Pl.'s Emergency Mot. at 10. The state court plainly did no such thing. Instead of making any "good cause" determinations—which are not even required under the applicable state rule—the state court merely postponed its decision on the preliminary injunction and extended the TRO accordingly:

> Although the parties have briefed the elements required for preliminary injunctive relief and appeared for oral argument on January 8, 2025 in connection with plaintiff's motion for a preliminary injunction (seq. no. 1), the Court determines that discovery regarding plaintiff's remaining claims against Allstate is warranted before the Court may render a determination on the merits of plaintiff's motion. In the interim, the temporary restraining order issued in the Order to Show Cause dated September 19, 2024 shall remain in full force and effect pending a determination on the merits of plaintiff's underlying motion.

*Old Slip Benefits & Ins. Servs.*, 85 Misc. 3d 1256(A), at *9, ECF No. 1-1 at 698.

15

But even assuming the state court extended the TRO for "good cause," neither the state court's order nor Section 1450 absolve Plaintiff from the procedural obligation to seek an extension beyond Rule 65(b)'s time limits after removal. The U.S. Supreme Court made this clear more than 50 years ago in *Granny Goose*, when it rejected a similar argument that Section 1450 somehow collides with Rule 65(b). 415 U.S. at 435. The Court explained that once a case is removed to federal court, it is "federal rather than state law [that] governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Id.* at 437. Parties are thus entitled to the protections of federal law, including those set in Rule 65(b). *Id.* at 438. Section 1450 does not create a special breed of TROs that are immune to these protections, but merely ensures that "no lapse in a state court temporary restraining order will occur simply by removing the case to federal court." *Id.* at 439. That purpose is served with a rule that *no* temporary restraining order remains in force "longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Id.* at 439-440.

Applying this precedent, the District Court here, like many others, found that a state court TRO expires under Rule 65(b) when a party fails to seek an extension post removal, regardless of prior state court actions.

*See, e.g.*, *NutriQuest,* 2018 WL 7575207, at *3 (applying *Granny Goose* to find that state court TRO expired under Rule 65(b) despite the state court's prior extensions that were granted after a full hearing on a preliminary injunction), *report and recommendation adopted,* No. 18-CV-390 (NEB/KMM), 2019 WL 430858 (D. Minn. Feb. 4, 2019); *Western Convenience Stores, Inc. v. Burger King, Corp.*, No. 8:07-cv-270, 2007 WL 2682245, at *1 (D. Neb. Sept. 7, 2007) (finding that state court TRO expired automatically under Rule 65(b), even though state court heard and denied defendant's motion to dissolve the TRO before removal); *Rural Media Gr., Inc. v. Performance One Media, LLC*, No. 8:09-cv-447, 2010 WL 273979, at *2–3 (D. Neb. Jan. 13, 2010) (finding that a TRO issued in state court could not remain in force beyond the time limit set in Rule 65(b) where defendant had notice of the application and appeared at a hearing to determine whether a preliminary injunction should issue shortly before removal); *Carrabus*, 111 F. Supp. 2d at 210 (explaining that *Granny Goose* construed the seeming collision between Section 1450 and Rule 65 and finding there is no reason to believe that a state court TRO issued after a hearing is exempt upon removal from the Rule 65 time limitations).

17

This decades-old reasoning shuts down Plaintiff's suggestion that it could indefinitely enjoy the benefits of a state court TRO simply because it was extended prior to removal. Once the case was removed, Plaintiff *itself* had to seek an extension for good cause beyond Rule 65(b)'s time limitations.[5] *See Carrabus*, 111 F. Supp. 2d at 211 (cautioning that "plaintiff must be ever alert to this, so as to take whatever steps are necessary to satisfy the now-applicable federal requirements and assure that the TRO does not lapse before the preliminary injunction hearing comes on") (quoting David D. Siegel, New York Practice § 640 at 1105–06 (3d ed. 1999)). Plaintiff inexplicably failed to do so. Accordingly, the District Court's Order confirming that the TRO expired withstands review, leaving no question going to the merits.

**B.    Plaintiff will not suffer irreparable harm absent a stay.**

---

[5] Plaintiff's assertion that the District Court concluded it lacked the authority to make its own good cause determination to extend the TRO mischaracterizes the Court's holding. The Court did not address its authority; rather, it denied Plaintiff's request to retroactively extend the long-expired TRO because Plaintiff had to seek such relief *before* the TRO expired. *Old Slip Benefits & Ins. Servs.,* 2025 WL 1453811, at *3.

Next, Plaintiff cannot demonstrate that it would be irreparably harmed absent a stay. Plaintiff claims it will be irreparably harmed without a stay because Allstate will move forward with its termination of the Agreement, which will destroy Plaintiff's business.

This argument fails because it was entirely premised on the notion that Allstate had no contractual right to terminate the Agreement. The state court found that Allstate did have the contractual right to terminate, stating that "Allstate acted in accordance with the Contract's plain terms in terminating the Contract and therefore did not materially breach the Contract in the Termination Letter." *Old Slip Benefits & Ins. Servs., LLC*, 85 Misc. 3d 1256(A), at *3, ECF No. 1-1 at 678. Because Allstate rightfully terminated the Agreement, Plaintiff cannot claim any irreparable harm from the termination.

But even if it could, courts routinely reject claims of irreparable harm for the termination of short business relationships like the one here. *See e.g.*, *Sistellia LLC v. Sittelle Techs., Inc.*, No. CV061889ADSETB, 2006 WL 8435935 (E.D.N.Y. Aug. 30, 2006) (finding no irreparable harm where relationship lasted only two and a half years); *Truglia v. KFC Corp.*, 692 F. Supp. 271 (S.D.N.Y. 1988), *aff'd sub nom. Truglia v. KFC*, 875 F.2d 308 (2d Cir. 1989) ("We note that the cases

19

indicated above concern businesses of several years' standing. In contrast, the Elmsford outlet has operated only since the end of August 1987, or less than eight months before this suit was commenced. Given this relatively short period of time, we do not believe that the loss of the Elmsford franchise would cause irreparable harm, and we hold that it does not."); *Jack Kahn Music Co. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 763 (2d Cir. 1979) ("It is critical to this case to keep in mind the fact that the tentative and exploratory dealership lasted only one and one-half years from the date of signing the agreement to the date of sending the written cancellation notice. This short period of time and the performance record . . . make it doubtful that there was sufficient time to build up much reputation and goodwill"); *GPA Inc.*, 862 F. Supp. at 1068 (finding that the relative newness of a one-year business relationship "militat[ed] against a finding of irreparable injury"); *PDL Vitari Corp. v. Olympus Industries, Inc.*, 718 F. Supp. 197, 204-05 (S.D.N.Y. 1989) (finding no irreparable harm where the plaintiff was a start-up company with a relatively short lifespan). This is especially true when the terminated business has no inventory, showroom, or warehouse and employs only a small number of people. *See Sistellia LLC v. Sittelle Techs., Inc.*, No. CV061889ADSETB, 2006 WL 8435935 (E.D.N.Y. Aug.

30, 2006); *GPA*, 862 F. Supp. at 1069 (denying injunctive relief where the movant owned no inventory, warehouse or showroom); *Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914 (2d Cir. 1986) (same).

Without the wrongful termination claim, Plaintiff's effort to prevent Allstate from terminating the Agreement rests solely on its implied covenant claim. Yet as the state court recognized, the alleged harm from Allstate's purported bad faith is purely monetary:

> However, the Court will not dismiss plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing. This claim is premised upon the separate legal theory that, regardless of whether Allstate technically and/or facially complied with the Contract's terms through the Termination Letter, Allstate breached the implied covenant of good faith and fair dealing because it used a contractual right in a bad faith effort to deprive plaintiff of the benefit of the parties' bargain, causing plaintiff to incur substantial ***monetary harm***.

*Old Slip Benefits & Ins. Servs., LLC*, 85 Misc. 3d 1256(A), at *4, ECF No. 1-1 at 681-82 (emphasis added). The alleged monetary harm cannot justify a stay. *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 458 (S.D.N.Y. 2014) (the Second Circuit has concluded that a "harm that can be remedied by a money judgment or at the end of trial is not an irreparable harm"); *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 115 (2d Cir.2005) ("At the preliminary injunction stage, the only cognizable

harms are those that cannot be remedied at the end of trial if the movant were to prevail."); *Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 82 (2d Cir.1994) (finding no irreparable injury because plaintiff could be adequately compensated with money damages).

### C.    A stay will injure Allstate and be contrary to the public interest.

Though Plaintiff neglects to address the remaining factors necessary for a stay pending appeal, granting such a stay would harm Allstate and does not serve the public interest.

Upon removal to the District Court, Plaintiff had already enjoyed the benefits of the state court TRO for over five months.  After removal on February 7, 2025, Plaintiff had ample opportunity to request an extension of the TRO for good cause for an additional fourteen days.  Yet, Plaintiff did ***nothing***—neither moving to extend the TRO nor seeking a hearing on the preliminary injunction—content to indefinitely benefit from the state court TRO.  Because Rule 65(b)'s time limitations exist precisely to protect non-movants like Allstate from such delay tactics, the District Court rightly determined that the TRO expired on February 21, 2025.

A stay prohibiting Allstate from enforcing the termination after the District Court confirmed the TRO expired months ago would unjustly

prolong an already excessive delay. It would deprive Allstate of the protections afforded by Rule 65(b) and the benefit of its contractual bargain, which included the right to terminate without cause. Such a stay runs counter to the public interest. *See In Touch Concepts, Inc. v. Cellco P'ship*, 949 F. Supp. 2d 447, 469 (S.D.N.Y. 2013) ("A contracting party who has bargained for a "without cause" termination provision and incurs a significant notice period in exchange in order to avoid subsequent litigation regarding whether the reason for termination was adequate is entitled to the benefit of that bargain."); *Nassau Boulevard Shell Serv. Station, Inc. v. Shell Oil Co.*, 869 F.2d 23, 24 (2d Cir. 1989) (criticizing the movant's delay tactic as inequitable, noting that the movant could have sought relief months earlier, allowing resolution of legal issues before the termination date, but instead waited until extending the termination date was necessary to avoid business losses").

## Conclusion

For these reasons, Allstate respectfully requests that this Court deny Plaintiff's Emergency Motion to Stay.

Respectfully submitted,

Dated: May 28, 2025

/s/ A. Christopher Young
A. Christopher Young
**TROUTMAN PEPPER LOCKE LLP**
3000 Two Logan Square
Philadelphia, PA 19103
215.981.4190
*Christopher.young@troutman.com*

## Certifications

1.　Bar Membership

I hereby certify that I am a member in good standing of the bar of the United States Court of Appeals for the Second Circuit.

2.　Certificate of Compliance with Rule 27(d) and 21

This brief complies with the type volume, typeface, and typestyle requirements of Federal Rules of Appellate Procedure 27(d)(1)(E), 27(d)(2), and 32(g)(1), because it contains 4702 words, exclusive of the cover, tables, and certificates, and has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font

3.　Certificate of Service

I hereby certify that, on May 28, 2025, a true and correct copy of this document was served on counsel of record through the Court's CM/ECF system.

Dated: May 28, 2025　　　　　　*/s/  A. Christopher Young*