# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

| | |
|---|---|
| OLD SLIP BENEFITS & INSURANCE SERVICES, LLC, | CASE NO: 25-1320 |
| Appellant, | |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Appellee. | |

## REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY EFFECTIVENESS OF DISTRICT COURT'S MAY 21, 2025 ORDER PENDING APPEAL

David T. Azrin, Esq.
Wuersch & Gering LLP
100 Wall Street, 10th Floor
New York, NY 10005
Tel. (212) 509-5050

Table of Contents

Page(s)

I.    APPELLANT HAS DEMONSTRATED IT IS LIKELY TO
      SUCCEED ON THE APPEAL..........................................................................1

II.   APPELLANT HAS DEMONSTRATED IT WILL SUFFER
      IRREPARABLE HARM IF RELIEF IS NOT GRANTED AND THE
      PUBLIC INTERESTS WEIGH IN FAVOR OF STAYING THE
      EFFECTIVENESS OF THE ORDER PENDING APPEAL ..........................8

Table of Authorities

Page(s)

C<small>ASES</small>

*Alloyd Gen. Corp. v. Bldg. Leasing Corp.*,

    361 F.2d 359 (1st Cir. 1966)................................................................6

*Am. Sys. Consulting, Inc. v. Devier*,

    514 F. Supp. 2d 1001 (S.D. Ohio 2007) ..............................................9

*Bonechi v. Irving Weisdorf & Co.*,

    1995 WL 731633 (S.D.N.Y. 1995) ..................................................2,5

*Carrabus v. Schneider,*

    *111 F. Supp. 2d 204, 210 (E.D.N.Y. 2000)*......................................*3*

*Cedar Coal Co. v. United Mine Workers of America*,

    560 F.2d 1153 (4th Cir. 1977) ..........................................................6

*Does 1-9 v. Kappa Alpha Theta Fraternity Inc.*,

    2022 WL 3448638 (N.D. Tex. 2022) ..................................................9

*Empresas Cablevision, S.A.B. de C.V. v. JPMorgan Chase Bank, N.A.*,

    680 F.Supp.2d 625 (S.D.N.Y.), *aff'd*, 381 F. App'x 117 (2d Cir. 2010) .........10

*Florasynth, Inc. v. Pickholz*,

    598 F.Supp. 17 (S.D.N.Y.), *aff'd*, 750 F.2d 171 (2d Cir.1984) ..........................6

*GGC Intl'l Ltd. v. Ver*,

    2025 WL 81319 (S.D.N.Y. 2025).......................................................4

*Gilead Scis., Inc. v. Safe Chain Sols., LLC*,

    684 F. Supp. 3d 51 (E.D.N.Y. 2023)...................................................6

*Granny Goose Foods, Inc. v. Brotherhood of Teamsters*,

    415 U.S. 423 (1974)........................................................... 1, 3, 5

i

*In re Crim. Contempt Proc. Against Crawford*,

    133 F. Supp. 2d 249 (W.D.N.Y. 2001) ........................................................ 2, 3, 5

*In re Crim. Contempt Proc. Against Gerald Crawford,*

    329 F.3d 131 (2d Cir. 2003) ................................................................. 1, 3, 6, 7

*LaGuardia Associates v. Holiday Hospitality Franchising Inc.*,

    92 F.Supp.2d 119 (E.D.N.Y. 2000) ....................................................................9

*Lepore v. New York News Inc.*,

    365 F.Supp. 1387 (S.D.N.Y. 1973) ....................................................................9

*Mr. Natural, Inc. v. Unadulterated Food Products, Inc.*,

    152 A.D.2d 729 (2d Dep't 1989) .......................................................................9

*NutriQuest v. AmeriAsia*,

    2018 WL 7575207 (D. Minn. 2018) ...................................................................4

*Pan Am. v. Flight Engineers,*

    306 F.2d 840 (2d Cir. 1962) .............................................................................6

*Picotte Realty, Inc. v. Gallery of Homes, Inc.*,

    66 A.D.2d 978 (3d Dep't 1978) .........................................................................9

*Progressive Restaurant Systems, Inc. v. Wendy's International Inc.*,

    1990 WL 106719 (N.D.N.Y. 1990) ....................................................................8

*Rural Media Grp., Inc. v. Performance One Media, LLC*,

    2010 WL 273979 (D. Neb. 2010) ......................................................................5

*Saferstein v. Wendy*,

    137 Misc.2d 1032 (N.Y. County 1987) ..............................................................9

*Sampson v. Murray*,

    415 U.S. 61 (1974) .................................................................................. 2, 3, 5, 6, 7

*Santos v. Reverse Mortg. Solutions, Inc.*,

    2012 WL 4891597 (N.D. Cal. 2012) ..................................................................5

*Seitzman v. Hudson River Assoc.*,

    126 A.D.2d 211 (1st Dept. 1987). ......................................................10

*Standard Forms Co. v. Nave,*

    *422 F. Supp. 619 (E.D. Tenn. 1976)*...................................................5

*Sun Forest Corp. v. Shvili,*

    152 F.Supp.2d 367 (S.D.N.Y. 2001) ...................................................4

*Thales Avionics, Inc. v. L3 Techs., Inc.,*

    719 F.Supp.3d 337 (S.D.N.Y. 2024) .................................................10

*Torah Soft Ltd. v. Drosnin,*

    224 F.Supp.2d 704 (S.D.N.Y. 2002) ...................................................8

*U.S. Ice Cream Corp. v. Carvel Corp.,*

    136 A.D.2d 626 (2d Dep't 1988).........................................................9

*Xtria, LLC v. Int'l Ins. All., Inc.,*

    2009 WL 4756365 (N.D. Tex. 2009) ..................................................6

S<small>TATUTES AND RULES</small>

28 U.S.C. § 1292 ------------------------------------------------------------- 6,7

28 U.S.C. § 1450 ------------------------------------------------------------- 7

F<small>ED</small>. R. C<small>IV</small>. P. 65------------------------------------------------------------- 1, 2

O<small>THER</small> A<small>UTHORITIES</small>

18 Moore's *Fed. Prac.* §134.22[3][c][i] (1999) (3d ed.) ------------------------------ 8

2 *Cyc. of Federal Proc.* §3:131 (3d ed.)------------------------------------------------- 4

Wright & Miller, 16 *Fed. Prac. and Proc.* §3922.1 (3d ed.)-------------------------- 7

Appellant, Old Slip Insurance & Benefits, LLC ("Old Slip"), submits this reply in further support of its emergency motion to stay effectiveness of the District Court's May 21, 2025 Order ("Order").

## I.  APPELLANT HAS DEMONSTRATED IT IS LIKELY TO SUCCEED ON THE APPEAL

Judge Jamieson's January 23, 2025 Order ("Jan. 2025 Order"), which became an order of the district court, complied with any requirements of *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 444–45 (1974), and FRCP 65.

Like the order in *In re Crim. Contempt Proc. Against Gerald Crawford,* 329 F.3d 131, 139 (2d Cir. 2003), "The TRO itself could not have been any clearer with respect to its intended duration, as it explicitly stated that it was to "remain in full force and effect until modified by further Order, or until resolution of plaintiffs' motion for preliminary injunction."

Here, that is exactly what Judge Jamieson did – after a full contested hearing on the merits of the preliminary injunction motion, in which the parties submitted evidence, briefing, and oral argument on all of the elements, she made clear that she was supplanting the original temporary restraining order with an order of unlimited duration maintaining the restraints pending further consideration of the preliminary injunction motion.

1

As stated by Judge Schwartz in *Bonechi v. Irving Weisdorf & Co.*, 1995 WL 731633, at *2 (S.D.N.Y. 1995), Rule 65's time limit on the effectiveness of a temporary restraining order clearly applies to those orders that are granted ex parte. There is no indication in Rule 65(b) that temporary restraining orders granted with notice to the defendant also must expire after this time period. *Id.* at *2. Only where there has been no adversary hearing, a TRO continued past the Rule 65 time limits would expire pursuant to the Rule. *In re Crim. Contempt Proc. Against Crawford*, 133 F.Supp.2d 249, 259 (W.D.N.Y. 2001).

*Sampson v. Murray*, 415 U.S. 61 (1974), cited by Allstate, further supports the holding that the January 2025 Order did not fall within the ambit of *Granny Goose* or Rule 65. In *Sampson*, the district court entered a restraining order, and after an adversary hearing, extended the interim injunctive relief, with no time limitation. *Id.* at 63. The Supreme Court emphasized that where an "adversary hearing" has taken place, a temporary restraining order which continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction. *Id.* at 86. Although it cited Rule 65, the Court did not find the restraining order had expired. Rather, it proceeded to review the merits of the order. That is because the order had been entered after a full "adversary hearing" on the preliminary injunction. Notably, the concurring opinion in *Granny Goose* by Warren, Stewart, Powell, and Rehnquist emphasized that the opinion's broad language regarding the expiration of

2

temporary restraining orders was *dicta* or surplusage, because it was not necessary to the holding. 415 U.S. at 447-448.

The tension between *Granny Goose* and *Sampson* was discussed in *In re Crim. Contempt,* 133 F.Supp.2d at 262, in which the court held that, because the "language in *Granny Goose* was only *dicta* (the TRO in *Granny Goose* was not, in fact, extended and therefore expired under Rule 65(b)), the Court shall follow the Supreme Court's holding in *Sampson.*"

The decision in *Carrabus v. Schneider*, 111 F.Supp.2d 204, 210 (E.D.N.Y. 2000), cited by Allstate, is distinguishable from the present case, because there were no hearings or briefings on the motion for preliminary injunction before the case was removed.

In contrast here, the January 23, 2025 Order was issued after a contested fully-briefed adversary hearing. *See* Affidavits, ECF Doc. 15-4, 16-1, 18-5, 19-3, 15-12, A month before the hearing, Allstate's counsel reiterated: "We have now fully briefed the injunction motion and we are ready to argue why that injunction should not issue." ECF Doc. No. 20-3, at 10. At the hearing, the court considered all the evidence, affidavits, and arguments on each of the elements. Transcript, ECF Doc. No. 15-19. The court's January 2025 Order upheld the implied covenant claim, made specific reference to the earlier order which found the restraint necessary to prevent irreparable harm and maintain the status quo, ECF Doc. No. 15-9 , and

3

ordered that the restraints "shall remain in full force and effect pending a determination on the merits of plaintiff's underlying motion." ECF Doc. No. 15-20.

*NutriQuest v. AmeriAsia*, 2018 WL 7575207 (D. Minn. 2018), cited by Allstate, is distinguishable because although there were hearings on the scope of the TRO, the briefing on the preliminary injunction itself had not been submitted, and there had not yet been a hearing on the preliminary injunction. The court's decision rested primarily on a local rule which explicitly required pre-removal motions must be re-filed in district court, and the fact that the court and opposing party had explicitly notified the plaintiff about this requirement. The SDNY has no such rule. All pre-removal motions are considered still pending before the district court. *GGC Intl'l Ltd. v. Ver*, 2025 WL 81319, at *1 (S.D.N.Y. 2025); *Sun Forest Corp. v. Shvili*, 152 F.Supp.2d 367, 387 (S.D.N.Y. 2001); 2 *Cyc. of Federal Proc*. §3:131 (3d ed.).

*Rural Media Grp., Inc. v. Performance One Media, LLC*, 2010 WL 273979, at *3 (D. Neb. 2010), is clearly distinguishable because in that case, unlike the present case, there was no hearing in the state court in which the defendant was given a "fair opportunity to oppose the application and prepare an opposition."

Accordingly, under the controlling authority, and the circumstances of this case, the January 2025 Order did not fall within the ambit of *Granny Goose* or Rule 65, and should not have been dissolved. *Sampson*, 415 U.S. at 86; *In re Crim. Contempt Proc,* 133 F.Supp.2d at 259 (W.D.N.Y. 2001); *Bonechi,* 1995 WL 731633,

4

at *2 (S.D.N.Y. 1995); *Santos v. Reverse Mortg. Solutions, Inc*., 2012 WL 4891597, at *7 (N.D.Cal. 2012) (denying defendant's motion to dissolve state court's injunction, finding "[t]he only thing that has changed since entry of the preliminary injunction is the venue of this action, which has shifted from state to federal court"); *Standard Forms Co. v. Nave*, 422 F. Supp. 619, 622 (E.D.Tenn. 1976) (state court order was not a "temporary" restraining order so as to come within the rule fashioned by Justice Marshall in *Granny Goose*).

With regard to appealability, Allstate's argument that the Order is not appealable is inconsistent with controlling authority which provides that, where a court extends a restraining order pending further consideration of a preliminary injunction motion, the order is appealable, and therefore an order vacating such an order is appealable, under 18 U.S.C. §1292(a)(1). *Sampson,* 415 U.S. at 86; *In re Criminal Contempt*, 329 F.3d at 139 ("appellants could have appealed the extension of the TRO"); *Pan Am. v. Flight Engineers*, 306 F.2d 840 (2d Cir. 1962) ("because the district judge extended the order beyond the twenty day period, we consider that the temporary restraining order became an appealable preliminary injunction"); *Gilead Scis., Inc. v. Safe Chain Sols., LLC*, 684 F. Supp. 3d 51, 64 (E.D.N.Y. 2023) (same).

Contrary to Allstate's suggestion, *In re Criminal Contempt* and *Pan Am. World Airways* are directly on point, because the January 2025 Order became an

5

order of the federal district court when it was removed, and must be treated as if it was issued by the district court. 28 U.S.C. §1450; *Florasynth, Inc. v. Pickholz*, 598 F.Supp. 17, 18 (S.D.N.Y.), *aff'd*, 750 F.2d 171 (2d Cir.1984).[1]

In *Alloyd Gen. Corp. v. Bldg. Leasing Corp.*, 361 F.2d 359, 362 (1st Cir. 1966), the First Circuit addressed the issue directly, holding a district court order which dissolved a restraining order was appealable under Section 1292(a)(1). Wright & Miller, 16 *Fed.Prac. & Proc. Juris.* § 3922.1 (3d ed.) (commenting a strong basis for the *Alloyd* decision was that the district court "dissolved an order that had de facto become a preliminary injunction").

Moreover, the *Sampson* majority refused to adopt the dissent's argument that the grant or denial of a temporary restraining order extended beyond the time limits of Rule 65 is not appealable *Id.* at 98. At the same time, the dissent conceded that, if the district court had moved to vacate the order under Rule 65, the end result would have been an appealable order. *Id.* at 100.

---

[1] On the issue of appealability, Allstate cites only to a Fourth Circuit case, *Cedar Coal Co. v. United Mine Workers of America*, 560 F.2d 1153 (4th Cir. 1977), which has no bearing here. *Cedar Coal* did not involve the appeal of an order vacating an indefinite TRO. Further, it explicitly held a district court's indefinite extension of a TRO pending further order of the court was an appealable order. Its dicta about "the mere expiration" of a TRO does not compel the conclusion that an order vacating a TRO of indefinite duration is not appealable.

Accordingly, controlling authority by the Supreme Court in *Sampson*, this Court in *In re Criminal Contempt* and *Pan Am*, and the First Circuit in *Alloyd*, compels the conclusion that the district court's Order which vacated a temporary restraining order of unlimited duration is an appealable order.

Addressing the district court's Order, the district court made two errors. Allstate's motion first asked the district court to dissolve the January 2025 Order based on a determination it had expired. Second, Allstate asked, if the district court did not do so, it should proceed to determine whether there was still good cause to keep it in place. ECF Doc. 12; ECF Doc. 13.

The district court's first error was in finding that the January 2025 Order expired, an incorrect result because it was entered after a full contested hearing on the preliminary injunction motion, and therefore, does not fall within *Granny Goose* or Rule 65, for the reasons discussed above.

The district court's second error was that it did not then proceed to address Allstate's second request, namely, whether good cause existed to keep it in place. In fact, good cause did exist to keep it in place, as demonstrated by Old Slip's opposition and supplemental affidavits/exhibits it submitted. ECF Doc. 13. On this point, the district court should have given deference to the January 2025 Order's finding that good cause existed to maintain the restraints, supported by the implied covenant claim upheld by the court, and the franchise sales act claim. Because the

7

law of the case doctrine applies to pre-removal state court orders, *see, e.g, Torah Soft Ltd. v. Drosnin*, 224 F.Supp.2d 704, 710 (S.D.N.Y. 2002); 18 *Moore's Federal Practice* §134.22[3][c]i](3d ed.1999), the district court should have credited the state court's finding in its original September 2024 order, and in its subsequent January 2025 Order, that, absent the entry of injunctive relief, the Appellant will suffer irreparable harm. *See, e.g., Does 1-9 v. Kappa Alpha Theta Fraternity*, 2022 WL 3448638, at *2 (N.D.Tex. 2022) (extending the state court's pre-removal TRO for good cause, noting state court already determined plaintiffs met the requirements for a TRO and that appropriate deference should be extended to the state court's order to prevent injustice); *Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1010 (S.D.Ohio 2007) (good cause to continue the state court's TRO enforcing a non-compete agreement, crediting the state court's finding the Plaintiff will suffer irreparable harm); *Xtria, LLC v. Int'l Ins. All., Inc.*, 2009 WL 4756365, at *5 (N.D.Tex. 2009) (extending the state court's pre-removal TRO, explaining pre-removal state-court rulings are entitled to deference).

## II. APPELLANT HAS DEMONSTRATED IT WILL SUFFER IRREPARABLE HARM IF RELIEF IS NOT GRANTED AND THE PUBLIC INTERESTS WEIGH IN FAVOR OF STAYING THE EFFECTIVENESS OF THE ORDER PENDING APPEAL

The state court's January 2025 Order, which became an order of the district court, and specifically determined that the restraints should remain in place in order to prevent irreparable harm, by making reference to its earlier September 2024 order,

was well supported by both state and federal court precedent entering injunctive relief in similar circumstances to prevent the termination of a franchisee or licensee. *See, e.g., Progressive Restaurant Systems, Inc. v. Wendy's International Inc.*, 1990 WL 106719 (N.D.N.Y. 1990); *LaGuardia Associates v. Holiday Hospitality Franchising Inc.*, 92 F.Supp.2d 119 (E.D.N.Y. 2000); *Lepore v. New York News Inc.*, 365 F.Supp. 1387 (S.D.N.Y. 1973); *Mr. Natural, Inc. v. Unadulterated Food Products, Inc.*, 152 A.D.2d 729 (2d Dep't 1989); *U.S. Ice Cream Corp. v. Carvel Corp.*, 136 A.D.2d 626 (2d Dep't 1988); *Picotte Realty, Inc. v. Gallery of Homes, Inc.*, 66 A.D.2d 978, 978 (3d Dep't 1978) *Saferstein v. Wendy*, 137 Misc.2d 1032 (New York County 1987).

The cases cited by Allstate regarding the length of time of the existence of the business have no bearing because Old Slip purchased existing businesses which had been operating for decades, and which had developed extensive good will. He operates under the name BFL agency, capitalizing on the names of the sellers (Buglione and Fava), as well as Lukezic, and kept employees, to maintain that good will. Fava Dec., ECF Doc. 21-1; Buglione Dec. ECF Doc. 21-2; Lukezic Affidavits. ECF Doc. 15-4; ECF Doc. 19-3; ECF Doc. 18-5.

Allstate then makes the absurd argument that the fact that the state court upheld the implied covenant of good faith and fair dealing claim somehow proves Old Slip was not entitled to injunctive relief, when it was the same state court that

9

maintained the restraints based on the implied covenant and good faith and fair dealing claim. As noted in Old Slip's motion, the courts have regularly granted injunctive relief to prevent irreparable harm that would result from a breach of the implied covenant of good faith and fair dealing, which Allstate does not address in its opposition. *Empresas Cablevision, S.A.B. de C.V. v. JPMorgan Chase Bank, N.A.*, 680 F.Supp.2d 625, 626 (S.D.N.Y.), *aff'd*, 381 F. App'x 117 (2d Cir. 2010); *Thales Avionics, Inc. v. L3 Techs., Inc.*, 719 F.Supp.3d 337 (S.D.N.Y. 2024); *Seitzman v. Hudson River Assoc.*, 126 A.D.2d 211, 215 (1st Dept. 1987). Relief was also warranted under the franchise sales act, which Allstate does not address.

Old Slip has demonstrated the potential harm here is irreparable and cannot be calculated with certainty, because it involves lost opportunities for further acquisitions, harm to its employees, harm to its relationships with customers, banks and landlord, harm to the sellers Buglione and Fava who are relying upon the continuation of the business for their retirement income, and harm to the reputation of Old Slip and its owner if Allstate reports to the state agency that the agreement was terminated for "unauthorized brokering." Lukezic Affidavits. ECF Doc. 15-4; ECF Doc. 19-3; ECF Doc. 18-5.

Contrary to Allstate's suggestion, Old Slip demonstrated in detail why the public interest factors weigh in favor of the entry of injunctive relief. Allstate's "contract rights" did not include the right to deceive Lukezic during the sale process

to trick him into becoming an Allstate franchisee, without the required franchise disclosures, and then to try to bully him to transfer his financial services clients and then terminate him for refusing, with the purpose of depriving him of the benefit of the bargain, in breach of the implied covenant of good faith and fair dealing which inheres in every contract. Allstate's actions were inherently anticompetitive, designed to force Lukezic to transfer his financial services customers to Allstate's financial services company, which would deprive them of the full panoply of products offered by Lukezic's firm. Under FINRA rules, Lukezic has a fiduciary duty to offer a range of financial products to his customers which are suitable for the customer. Accordingly, Old Slip amply demonstrated why the public interests weigh in favor of entering the requested relief.

Dated:  New York, New York
      May 30, 2025

                    Respectfully submitted,

                    **WUERSCH & GERING LLP**

                    */s/ David T. Azrin*
                    David T. Azrin
                    Wuersch & Gering LLP
                    100 Wall Street, 10th Floor
                    New York, N.Y.  10005
                    Tel. (212) 509-4745
                    Fax. (212) 509-9559
                    Email: David.Azrin@wg-law.com
                    *Attorneys for Appellant/Plaintiff Old Slip Benefits & Insurance Services, LLC*

11

<u>Certificate of Word Count</u>

I hereby certify that this motion complies with the length limits of FRAP 27(d), and contains not more than 2,600 words.

*/s/ David T. Azrin*
David T. Azrin

### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

| | |
|---|---|
| OLD SLIP BENEFITS & INSURANCE SERVICES, LLC, | **CERTIFICATE OF SERVICE** |
| Appellant, | CASE NO: 25-1320 |
| v. | |
| ALLSTATE INSURANCE COMPANY, | |
| Appellee | |

I, David T. Azrin, hereby certify under penalty of perjury that on May 30, 2025, I served a copy of the foregoing Reply in Support of Emergency Motion, by United States Mail, on the following parties:

Regine Marie Napoleon
Apartment 1137
7525 153rd Street
Kew Gardens Hills, NY 11367

Brittany Cleere
149 Midtown Avenue
Summerville, SC 29486

Marc Stevenson
6107 Aster Haven Circle
Haymarket, VA 20169

Allison Ann McMahon
206 Windwatch Drive
Hauppauge, NY 11788

May 30, 2025                                 */s/ David T. Azrin*

1